THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

mbm

November 10, 2022

Opposition No. 91269762

*OMS Investments, Inc.*

*v.*

*Habit Horticulture LLC*

**Mary Beth Myles, Interlocutory Attorney:**

This proceeding now comes before the Board for consideration of the following: (1) Applicant's combined motion (filed November 1, 2021) to compel a deposition and to extend a discovery deadline; (2) Opposer's cross-motion (filed November 22, 2021) for a protective order; and (3) Applicant's motion (filed December 31, 2021) to strike Opposer's December 31, 2021 reply brief in support of its cross-motion for a protective order.[1]

## I.    Applicant's Motion to Strike

By way of background, on November 1, 2021, Applicant filed a combined motion to compel Opposer's Fed. R. Civ. P. 30(b)(6) deposition and to extend Applicant's time to respond to Opposer's written discovery requests. On November 22, 2021, Opposer

---

[1] Applicant's notice of appearance and change of correspondence address, each filed July 13, 2021, are noted.

filed a combined brief in response to Applicant's motion and a cross-motion for a protective order.[2] On December 11, 2021, Applicant filed a combined reply in support of its motion to compel and extend and brief in response to Opposer's cross-motion for a protective order.[3] On December 31, 2021, Opposer filed a reply brief in support of its cross-motion for a protective order.[4]

Applicant moves to strike Opposer's December 31, 2021 reply brief in support of the cross-motion for a protective order on the ground that it is purportedly untimely under Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). In support of its motion, Applicant's counsel argues that, although he **filed** Applicant's combined brief on December 11, 2021, he **served** a copy of the combined brief on Opposer on December 10, 2021, "in the time zone in the United States where I was located on that evening."[5] Applicant argues that Trademark Rule 2.127(a) requires that a reply brief be filed within twenty days of the date of **service** of a brief in response to a motion, that the date of service is governed by the time zone of the serving party, and therefore, Opposer's reply brief was due no later than December 30, 2021.[6] In support

---

[2] 12 TTABVUE.

[3] 13 TTABVUE.

[4] 14 TTABVUE.

[5] 15 TTABVUE 2-3; 17 TTABVUE 6-7. Applicant's counsel does not specify the time zone in which he effected service; however, Applicant's email is time-stamped 9:08 p.m. (17 TTABVUE 7) and Opposer states that Applicant's combined brief was received by Opposer at 1:08 a.m. Central Time on December 11, 2021 (16 TTABVUE 3, 10). The Board therefore infers that Applicant's counsel served its combined brief on Opposer at 9:08 p.m. Hawaii Standard Time December 10th, which is 2:08 a.m. Eastern Time December 11th.

[6] In its motion to strike, Applicant states that because December 31, 2021 was a Federal holiday, the "filing is deemed made on Monday, January 3, 2022" by operation of Trademark Rule 2.196, 37 C.F.R. § 2.196. 15 TTABVUE 3. Applicant is incorrect. December 31, 2021 was not a Federal holiday and Trademark Rule 2.196 is inapplicable. Applicant also misconstrues

2

of its argument, Applicant relies on the Board's decision in *Island, LLC v. JBX Pty. Ltd.*, 2021 USPQ2d 779 (TTAB 2021), which held that the service date of discovery requests is governed by the time zone in which the serving party is located.

Applicant's reliance on *Island, LLC* is misplaced. The Board's holding in *Island, LLC* was clearly limited to the service of discovery requests and, indeed, the Board expressly distinguished the service of discovery requests, which are not routinely filed with the Board, from submissions filed with the Board, which are governed by Trademark Rule 2.195(a), 37 C.F.R. § 2.195(a). *Island, LLC*, 2021 USPQ2d 779, at *4. Trademark Rule 2.195(a) provides that "[t]he filing date of an electronic submission is the date the Office receives the submission, based on Eastern Time." Because Eastern Time governs motions and other submissions filed with the Board, Applicant's response brief was not filed until December 11, 2021.

Trademark Rule 2.195(a) does not contemplate that a submission filed with the Board may have different service dates and filing dates for purposes of calculating briefing deadlines under Trademark Rule 2.127(a). Rather, "[f]or administrative purposes, a firm and **single** receipt-by date is necessary for submissions transmitted to the Board." *Island, LLC*, 2021 USPQ2d 779, at *4 n.9. (emphasis added). Thus, in the event that a party serves a copy of its motion prior to filing the submission with

---

Trademark Rule 2.196. The rule provides that when the last day for taking any action falls on a Saturday, Sunday, or Federal holiday, the action may be taken on the next succeeding day that is not a Saturday, Sunday, or Federal holiday. The rule serves to make a filing made on the next succeeding day that is not a Saturday, Sunday, or Federal holiday timely; it does not serve to change the filing date of a transmission to the Board. "The filing date of an electronic submission is the date the Office receives the submission, based on Eastern Time, **regardless of whether that date is a Saturday, Sunday, or Federal holiday** within the District of Columbia." Trademark Rule 2.195(a), 37 C.F.R. § 2.195(a) (emphasis added).

the Board, the submission nonetheless is assigned a single receipt-by date, based on Eastern Time, for purposes of calculating the deadline for filing a response or reply brief under Trademark Rule 2.127(a).

Accordingly, Opposer's reply brief was timely filed under Trademark Rule 2.127(a), and Applicant's motion to strike is **denied**.

## II. Applicant's Motion to Compel and Opposer's Cross-Motion for a Protective Order

As background, on October 14, 2021, Applicant's counsel emailed Opposer's counsel a list of proposed categories for a Fed. R. Civ. P. 30(b)(6) deposition of Opposer to discuss during the parties' required discovery conference under Trademark Rules 2.120(a)(1) and (a)(2)(i).[7] The parties held the discovery conference on October 15, 2021; however, Opposer's counsel informed Applicant's counsel during the call that he had not yet had time to review the deposition categories and was not prepared to discuss them during the discovery conference.[8] Opposer's counsel stated that he needed time to confer with his client and that he "hoped" to be able to respond with comments by October 19, 2021.[9] Opposer did not provide Applicant with comments on the proposed deposition topics by October 19, 2021, and on October 20, 2021,

---

[7] 9 TTABVUE 24-27 ("These categories are being provided in advance of the notice of deposition for the purpose of a meet and confer discussion on the proposed topics, as required by [Fed. R. Civ. P.] 30(b)(6)."); 12 TTABVUE 16.

[8] 12 TTABVUE 16-17.

[9] *Id.* at 17. It is Applicant's position that Opposer's counsel "promised" comments or objections to the Rule 30(b)(6) topics by October 19, 2021. *Id.* at 71.

Applicant served a Rule 30(b)(6) deposition notice on Opposer for a deposition on November 8, 2021, in San Clemente, California.[10]

Opposer's counsel responded by stating that Opposer would "send along objections to the 30(b)(6) notice" and that if Opposer were "to even consider the November 8 date, then, without limitation, [Applicant] will need to produce all documents that [Applicant] intend[s] to use in the deposition by close of business on Monday October 25."[11] Applicant's counsel responded by stating the parties already held "the obligatory meet and confer on October 15, 2021 relating to the 30(b)(6) topics and [Opposer] made no objections."[12] Applicant's counsel asked Opposer to let him know when Opposer would be providing its objections to the topics.[13] Opposer's counsel did not respond directly to the request, but instead denied Applicant's assertion that the parties met and conferred regarding the Rule 30(b)(6) topics during the discovery conference and restated its request for the documents Applicant intended to introduce during the Rule 30(b)(6) deposition.[14]

On October 21, 2021, Opposer served its first set of Document Requests and Interrogatories on Applicant.[15] On October 30, 2021, Applicant's counsel sent an email asking Opposer's counsel if Opposer would agree to extend the deadline for

---

[10] *Id.* at 17, 30-40, 44.

[11] *Id.* at 43.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 42.

[15] 13 TTABVUE 24.

Applicant to respond to Opposer's written discovery requests until two weeks after the completion of Applicant's Rule 30(b)(6) deposition of Opposer.[16] On November 1, 2021, Opposer's counsel responded and asked Applicant's counsel if he was available the following day to "discuss discovery issues" in the proceeding.[17] Applicant's counsel responded by stating that he was available November 1, but would need to "juggle" other commitments to arrange a call on November 2.[18] Applicant's counsel asked for the topic of the call, stating that he assumed the call was not about the Rule 30(b)(6) topics, since Opposer had never provided written objections.[19] Opposer's counsel responded the same day stating that the purpose of the call was to discuss the Rule 30(b)(6) notice and Applicant's request for an extension of time to respond to Opposer's discovery requests.[20] Opposer's counsel asked Applicant's counsel to propose another day and time for the call that would be more convenient to Applicant's counsel's schedule.[21] Applicant then filed its motion to compel.[22]

Applicant's counsel nevertheless responded to Opposer's email to arrange a time for a phone conference.[23] Opposer's counsel responded on November 2, 2021, stating that there was no need for the conference "today" since Applicant had filed a motion

---

[16] 12 TTABVUE 72.

[17] *Id.*

[18] *Id.* at 71.

[19] *Id.*

[20] *Id.* at 70.

[21] *Id.*

[22] *Id.* at 69-70.

[23] *Id.*

to compel.[24] Opposer's counsel also advised Applicant's counsel that there were no potential Rule 30(b)(6) witnesses in California, that no potential witnesses were available on the noticed date of November 8, 2021, and as a result, no witness would appear for the noticed deposition.[25]

Opposer served written responses and objections to Applicant's Rule 30(b)(6) notice concurrently with its November 22, 2021 combined brief in response to Applicant's motion to compel and cross-motion for a protective order.[26]

In support of its motion to compel, Applicant argues that it properly noticed its Rule 30(b)(6) deposition and attempted to meet and confer with Opposer regarding the matters for examination as required by Rule 30(b)(6).[27] Applicant argues that Opposer never served written objections to the Rule 30(b)(6) deposition notice and should therefore be ordered to designate and produce a witness(es) for the deposition without further delay.[28]

In response, Opposer argues that it informed Applicant that it had objections to the Rule 30(b)(6) notice and that Opposer had been attempting to schedule a phone conference with Applicant to meet and confer regarding the Rule 30(b)(6) deposition notice when Applicant filed its motion to compel.[29] Opposer therefore contends that

---

[24] *Id.* at 68-69.

[25] *Id.*

[26] 12 TTABVUE 77-87.

[27] 9 TTABVUE 2-3.

[28] *Id.* at 4-5, 7.

[29] 12 TTABVUE 10.

Applicant's motion is premature, because the parties never substantively met and conferred regarding the notice or the topics therein and therefore Applicant did not make the required good faith effort to resolve the issue prior to filing its motion.[30] Opposer seeks entry of a protective order prohibiting the noticed deposition from taking place until the parties have met and conferred regarding the deposition notice and the topics of examination.[31]

As amended effective December 1, 2020, Fed. R. Civ. P. 30(b)(6) requires parties to confer in good faith about the matters for examination "[b]efore or promptly after the notice or subpoena is served." The Board declines to adopt a formal requirement that all parties confer regarding the matters for examination in a Rule 30(b)(6) deposition notice, as a matter of course. Discovery in Board proceedings is generally narrow and, in most cases, parties are able to proceed through discovery and complete depositions, making any appropriate objections on the record, without the need for Board intervention. The Board expects that most parties will continue to be able to do so without the need for formal conference requirements or motion practice.

However, when there is a clear dispute, as is the case here, the parties are required to make a good faith effort to resolve the dispute prior to filing a motion to compel, as is required of all discovery disputes. *See* Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1); *S. Indus. Inc. v. Lamb-Weston Inc.*, 45 USPQ2d 1293, 1298 (TTAB 1997) ("A party to an *inter partes* proceeding before the Board may, after proper notice

---

[30] *Id.* at 11-12.

[31] *Id.* at 13-14.

and a good faith effort to resolve the matter, file a motion to compel a party to attend a deposition."). The Board finds that Applicant failed to make the required good faith effort to resolve the dispute prior to filing its motion to compel.

It is not lost on the Board that Opposer waited two and a half weeks to attempt to schedule a call to discuss the deposition notice and the topics of examination with Applicant. While Opposer's delay is regrettable, it is clear that the parties were not yet at an impasse and that Opposer was attempting to discuss any issues it had regarding the Rule 30(b)(6) deposition notice at the time Applicant filed its motion to compel. Under the circumstances, it was incumbent upon Applicant to have at least one substantive discussion with Opposer regarding the deposition before filing its motion.[32]

Moreover, Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1), provides that a motion to compel is available where the responding party "fails to designate a person pursuant to Rule 30(b)(6) or Rule 31(a) of the Federal Rules of Civil Procedure, or if a party, or such designated person, or an officer, director or managing agent of a party fails to attend a deposition or fails to answer any question propounded in a discovery deposition[.]" **Prior** to a deposition, a motion to compel is therefore only appropriate where the responding party fails altogether to designate any witness, or where the designated witness communicates a refusal to attend the deposition. 37 C.F.R.

---

[32] Applicant's November 2, 2021 "supplement" to its motion to compel discusses efforts made **after** it filed the motion to compel to resolve the dispute. 11 TTABVUE 2, 5-6. Although the Board encourages the parties to continue to work in good faith after a motion to compel has been filed to resolve the discovery dispute, efforts made **after** a motion to compel is filed cannot cure a failure to make a good faith effort **prior** to bringing the motion.

9

§ 2.120(f)(1). *See also S. Indus. Inc.*, 45 USPQ2d at 1297-98 (granting motion to compel where party expressly refused to attend deposition and refused to reschedule for a reasonable time).

Although Opposer had not yet designated a witness under Rule 30(b)(6), at the time Applicant filed its motion, the noticed deposition was not scheduled to occur for another week. While Opposer indicated that it had objections to the notice, Opposer had not clearly or unambiguously stated that it would not designate or produce a witness for the noticed deposition.[33] Rather, Opposer was attempting (albeit after some delay) to schedule a conference with Applicant to discuss the notice.[34] Because Opposer did not altogether refuse to designate or produce a witness and Applicant filed its motion to compel before the deposition was scheduled to take place, Applicant's motion is premature and procedurally improper.

In view of the foregoing, Applicant's motion to compel is **denied** as premature and for lack of the required good faith effort.

Although Applicant's motion to compel was premature, it was nevertheless manifestly improper for Opposer to subsequently refuse to produce a witness for the noticed deposition after Applicant filed its motion to compel. As clearly set forth in

---

[33] In an email dated October 21, 2021, Opposer's counsel said "[r]egarding timing, if we are to even consider the November 8 date, then, without limitation, you will need to produce all documents that you intend to use in the deposition by close of business on Monday October 25." 12 TTABVUE 43. Opposer had not clearly refused to produce a witness and, indeed, Opposer continued to express an interest in conferring with Applicant regarding the deposition. *See, e.g., id.* at 70-72. Opposer did not explicitly refuse to have a designated witness appear for the noticed deposition until after Applicant filed its motion to compel. *Id.* at 69.

[34] *Id.* at 70-72.

the Board's November 2, 2021 suspension order, the filing of Applicant's motion to compel did not excuse a witness from appearing at a previously noticed deposition.[35]

To the extent Opposer objected to the Rule 30(b)(6) deposition notice, the location of the noticed deposition, or the topics therein, Opposer was required to either (1) designate a witness and proceed with the noticed deposition subject to any appropriate objections made on the record, or (2) file a timely motion to quash or for a protective order. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."); *Fifth Generation Inc. v. Titomirov Vodka LLC*, 2019 USPQ2d 418666, at \*5 (TTAB 2019) (in the absence of a timely motion to quash prior to date of a noticed deposition, the responding party may be subject to sanctions for failing to attend a deposition after being served with a proper notice, even if it informs the party seeking the deposition that no response will be made); *Highbeam Mktg., LLC v. Highbeam Research, LLC*, 85 USPQ2d 1902, 1906-07 (TTAB 2008) (granting motion for sanctions where Opposer's counsel encouraged witness to defy subpoena and did not file a motion to quash). Opposer did neither.

Opposer's cross-motion for a protective order, filed November 22, 2021, fourteen days **after** Opposer's Rule 30(b)(6) witness(es) failed to appear for the noticed

---

[35] 10 TTABVUE 1.

deposition, is untimely. Opposer's cross-motion for a protective order is therefore **denied**.

In view of the foregoing, the parties are **ordered** to cooperate in the rescheduling of the Rule 30(b)(6) deposition and to meet and confer in good faith by telephone conference to resolve any disputes concerning the topics of examination, the designated witnesses, or the date and location of the deposition, without further delay.[36] If Opposer persists in refusing to prepare and produce a witness for the duly noticed Rule 30(b)(6) deposition, Applicant's remedy may lie in a motion for sanctions under Trademark Rule 2.120(h)(2), 37 C.F.R. § 2.120(h)(2).

## III. Applicant's Motion to Extend

By way of its motion, Applicant seeks to extend its time to respond to Opposer's discovery requests, served October 21, 2021.

A party that seeks to extend the time in which an act may or must be done prior to the expiration of the period as originally set or as reset need only show good cause

---

[36] Opposer raised the issue of the location of the deposition for the first time after Applicant filed its motion to compel. 12 TTABVUE 13, 69. Although the Board denies Opposer's motion for a protective order, the Board notes that corporate defendants are generally deposed at the corporation's principal place of business, absent a showing of good cause. *See Flanders v. Dimarzio, Inc.*, 2020 USPQ2d 10671, at *3-4 (TTAB 2020).

Additionally, Opposer argues that it needs discovery regarding some of the topics for examination before it can prepare a witness, because the deposition notice identifies third party marks for which Opposer does not have any knowledge. 12 TTABVUE 7. The Board notes that while a party served with a Rule 30(b)(6) deposition notice must prepare its witness on the topics of examination, such preparation need only include "matters known or reasonably available to the corporation." *Red Wing Co. v. J.M. Smucker Co.*, 59 USPQ2d 1861, 1864 (TTAB 2001). With respect to third party marks, a party need only provide discovery concerning third party marks of which it has actual knowledge. *See Sheetz of Delaware, Inc. v. Doctor's Assoc. Inc.*, 108 USPQ2d 1341, 1348 (TTAB 2013). There is no requirement that a party, in a Rule 30(b)(6) discovery deposition or otherwise, investigate third party use. *Id.*

for the requested extension.[37] *See* Fed. R. Civ. P. 6(b)(1)(A); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 509.01 (2022). To show good cause, the moving party must set forth with particularity the facts allegedly constituting good cause and must demonstrate that the extension is not necessitated by the moving party's own lack of diligence or unreasonable delay. *See Nat'l Football League v. DNH Mgmt. LLC*, 85 USPQ2d 1852, 1854 (TTAB 2008). "[T]he Board is liberal in granting extensions of time before the period to act has elapsed so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused." *Id.*

As the basis for its motion, Applicant states that it should not be required to respond to Opposer's discovery requests until after the deposition of Opposer's Rule 30(b)(6) witness(es) to "maintain the status quo."[38] That is, Applicant contends that because Applicant noticed its Rule 30(b)(6) deposition first, Applicant should not be required to respond to Opposer's discovery requests or produce documents until after the deposition is completed.[39]

Applicant's position is improper and cannot serve as the basis for a finding of good cause. "[D]iscovery [in a Board proceeding] is not governed by the concept of priority of discovery, and parties' discovery obligations are not dependent upon the actions of

---

[37] Opposer argues that Applicant's motion should be denied, because Applicant did not make a good faith effort to resolve the dispute regarding the extension prior to filing its motion. 12 TTABVUE 12-13. While the Board expects the parties to cooperate with one another, there is no requirement that a party make a good faith effort to confer prior to filing a motion to extend.

[38] 9 TTABVUE 10.

[39] *Id.* at 9-10.

the other party." *Trans-High Corp. v. JFC Tobacco Corp.*, 127 USPQ2d 1175, 1177 n.3 (TTAB 2018); *Miss Am. Pageant v. Petite Prods., Inc.*, 17 USPQ2d 1067, 1070 (TTAB 1990) ("[A] party is not relieved of its discovery obligations in spite of the fact that its adverse party has wrongfully failed to fulfill its own obligations."); *Giant Food, Inc. v. Standard Terry Mills, Inc.*, 231 USPQ 626, 632 (TTAB 1986) ("It is imperatively not the prerogative…for parties or their counsel to unilaterally impose conditions upon the sequence and timing of discovery…."). A party may not delay compliance with its own discovery obligations because it believes that the adverse party wrongfully failed to fulfill its own discovery obligations. *Id.*

In view of the foregoing, Applicant's motion to extend its time to respond to Opposer's discovery requests until after the completion of the Rule 30(b)(6) deposition is **denied**.

## IV. Schedule

Proceedings are resumed. The parties are allowed until thirty days from the date of this order in which to respond to any outstanding discovery.[40] Dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **3/25/2023** |
| Discovery Closes | **4/24/2023** |
| Plaintiff's Pretrial Disclosures Due | **6/8/2023** |
| Plaintiff's 30-day Trial Period Ends | **7/23/2023** |
| Defendant's Pretrial Disclosures Due | **8/7/2023** |
| Defendant's 30-day Trial Period Ends | **9/21/2023** |
| Plaintiff's Rebuttal Disclosures Due | **10/6/2023** |
| Plaintiff's 15-day Rebuttal Period Ends | **11/5/2023** |

---

[40] This allotment of time does not constitute an order to compel discovery, but merely serves as a scheduling order. Discovery responses served within the thirty-day allotment of time will be deemed timely.

| Plaintiff's Opening Brief Due | 1/4/2024 |
|---|---|
| Defendant's Brief Due | 2/3/2024 |
| Plaintiff's Reply Brief Due | 2/18/2024 |
| Request for Oral Hearing (optional) Due | 2/28/2024 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126.

Submissions failing to meet all of the criteria above may require re-filing. **Note:** Parties are strongly encouraged to check the entire document before filing.[41] The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

---

[41] To facilitate accuracy, ESTTA provides previews of each page before submitting.